Randolph S. Hicks, Esq. - SBN 83627
Richard G. Grotch, Esq. - SBN 127713
**CODDINGTON, HICKS & DANFORTH**
A Professional Corporation, Lawyers
555 Twin Dolphin Drive, Suite 300
Redwood City, California 94065-2133
Tel. (650) 592-5400
Fax. (650) 592-5027
Email: rgrotch@chdlawyers.com

**ATTORNEYS FOR** Defendants
INTERNATIONAL RAM ASSOCIATES, LC and
SOUTHWEST AIRLINES CO.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK EISON, | Case No. |
| Plaintiff, | NOTICE OF REMOVAL OF CIVIL ACTION FROM ALAMEDA COUNTY SUPERIOR COURT |
| vs. | |
| INTERNATIONAL RAM ASSOCIATES, L.L.C.; SOUTHWEST AIRLINES CO.; AND DOES 1 through 15, Inclusive, | |
| Defendants. | |

TO:   ALL PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that defendants INTERNATIONAL RAM ASSOCIATES, LC ("IRAM") and SOUTHWEST AIRLINES CO. ("Southwest"), respectfully submit this notice of removal of this action from the Alameda County Superior Court to the United States District Court for the Northern District of California.

I.

**PROCEDURAL HISTORY**

On April 28, 2008, plaintiff DERRICK EISON filed in the Superior Court for the State of California, in and for the County of Alameda, an action entitled *Derrick Eison, Plaintiff vs. International Ram Associates, L.L.C.; Southwest Airlines Co.; and Does 1-15, Inclusive,*

Notice of Removal

*Defendants*, Case No. RG 08-383425 ("the Action"). (A true and correct copy of the complaint is attached hereto as Exhibit A).

On April 29, 2008, Southwest was served with the summons and complaint in the Action. On May 8, 2008, IRAM was served with the summons and complaint in the Action. Southwest and IRAM filed their answer to the complaint in the Action on May 28, 2008. (A true and correct copy of the answer is attached hereto as Exhibit B).

## II.

## BASES FOR REMOVAL

Two independent bases support removal of the Action to federal court.

*First*, the Action is removable to this Court because this Court would have had original diversity jurisdiction over plaintiff's claims pursuant to 28 U.S.C. § 1332.

*Second*, the federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Here, removal is appropriate, because of the applicability of the federal statutory scheme known as the Air Carrier Access Act ("ACAA"), codified at 49 U.S.C. § 41705.

A.   <u>Diversity Jurisdiction – 28 U.S.C. § 1332(a)(3)</u>

An independent basis for removal exists in that the Action is a civil action of which this court has original jurisdiction under 28 U.S.C. § 1332(a) and which may be removed to this Court by Southwest and IRAM pursuant to 28 U.S.C. § 1441(a), because no plaintiff and no defendants are citizens of the same state.

1.   <u>Citizenship of the Parties</u>

Based upon information provided by plaintiff to Southwest, the defendants are informed and believe and thereupon assert that plaintiff is a citizen and resident of the State of California. IRAM is a Texas limited liability company with its principal place of business in Texas. Southwest is a Texas corporation with its principal place of business in Texas.

///

2

There are no local, *i.e.*, California, defendants -- or, for that matter, California parties. Accordingly this Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1332(a), and the action may be removed to this Court by the defendants pursuant to 28 U.S.C. § 1441(a).

    2.    Amount in Controversy

The amount in controversy in this case is apparently claimed to exceed the $75,000 minimum for the exercise of diversity jurisdiction under 28 U.S.C. § 1332(a).[1] Plaintiff has alleged profound and ongoing emotional upset and distress and prays, *inter alia*, for punitive damages. Plaintiff's pre-litigation settlement demand exceeded $75,000.

B.    Federal Question Jurisdiction – 28 U.S.C. §§ 1331, 1441(a)

In plaintiff's complaint in the Action, he concedes that defendants' duties derive, *inter alia*, from federal regulations and laws. (See, e.g., Complaint at ¶¶ 14, 17). Plaintiff also avers that he requested certain assistance from the defendants because of "his disability of morbid obesity." (*Id.* at ¶ 14). Thus, plaintiff's allegations may, in particular, implicate the ACAA, a federal statute prohibiting discrimination against disabled persons in the provision of air transportation.[2]

## III.

## RECEIPT OF INITIAL PLEADINGS

On April 29, 2004, Southwest was served with a summons and copy of the complaint. IRAM was served with a summons and complaint on May 8, 2008. Defendants therefore timely remove the Action within the thirty-day period of 28 U.S.C. § 1446(b).

## IV.

## JOINDER BY ALL DEFENDANTS

Both of the defendants named in the Action consent to removal of the Action to this Court.

///

///

---

[1] Neither IRAM nor Southwest concede that plaintiff is entitled to damages in excess of $75,000, or in any amount at all.

[2] While defendants believe the ACAA may be implicated by plaintiff's allegations, they do not concede that plaintiff has a private right of action against these defendants pursuant to that statute.

3

V.

## VENUE OF REMOVED ACTION

This Court is the United States District Court for the district embracing the place where the state court action is pending (the Superior Court for the County of Alameda). Therefore, pursuant to 28 U.S.C. §§ 1441(b) and 1446 and this Court's Civil Local Rule 3-2, the San Francisco Division or the Oakland Division of the United States District Court for the Northern District of California, is the appropriate court for the removal of the Action.

VI.

## CONCLUSION

Defendants IRAM and Southwest respectfully request that the Action be removed from the state court in which it was filed, to the United States District Court, Northern District of California.

Dated: May 29, 2008

Respectfully submitted,

CODDINGTON, HICKS & DANFORTH

By: _____
Richard G. Grotch
Attorneys for Defendants
International RAM Associates, LC and
Southwest Airlines Co.

4

Notice of Removal

# Exhibit A

Notice of Removal

David I. Fischer, Esq. (SB#83414)
LAW OFFICES OF DAVID I. FISCHER
One Kaiser Plaza, Suite 330
Oakland, CA 94612
Telephone: (510) 834-0800
Facsimile: (510) 834-0872

FILED
ALAMEDA COUNTY
2008 APR 23 AM 11:29
CLERK OF THE SUPERIOR COURT
BY _____ DEPUTY

Attorney for Plaintiff
DERRICK EISON

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

(UNLIMITED JURISDICTION)

DERRICK EISON,

    Plaintiff,

vs.

INTERNATIONAL RAM ASSOCIATES, L.L.C.; SOUTHWEST AIRLINES CO.; and DOES 1 to 15, Inclusive,

    Defendants.

CASE NO. 08 - 383425

COMPLAINT FOR DAMAGES
1. Intentional Infliction of Emotional Distress
2. Negligence Per Se
3. Negligence

Plaintiff DERRICK EISON alleges:

1. Defendants INTERNATIONAL RAM ASSOCIATES, L.L.C. (hereafter referred to as "IRAM") and SOUTHWEST AIRLINES CO. (hereafter referred to as "SOUTHWEST AIRLINES") are, and at all times mentioned in this complaint were, doing business in the State of California

2. The true names and capacities of the Defendants DOES 1 through 15, whether individual, corporate, associates, or otherwise, are unknown to Plaintiff at the time of filing this Complaint and Plaintiff therefore sues said Defendants by such fictitious names and will ask

1

leave of court to amend this Complaint to show their true names or capacities when the same have been ascertained. Plaintiff is informed and believes and therefore alleges that each of the DOE Defendants is, in some manner, responsible or the events and happenings herein set forth and proximately caused injury and damages to the Plaintiff as herein alleged.

3. At all times herein mentioned, each of the Defendants was the agent and employee of each of the remaining Defendants and was at all times herein mentioned acting within the scope of said agency and employment.

4. On or about May 11, 2007, Plaintiff DERRICK EISON (hereinafter referred to as "EISON") was a paying passenger on a passenger flight on SOUTHWEST AIRLINES, traveling from Tulsa, Oklahoma, to Oakland, California, with a scheduled change of planes at Sky Harbor Airport, in Phoenix, Arizona. Due to his disability of morbid obesity, Plaintiff notified Defendant SOUTHWEST AIRLINES, prior to his departure from Tulsa, that he was in need of a wheelchair at Sky Harbor Airport for the purpose of transporting Plaintiff from his arrival gate to another gate, where his connecting flight to Oakland was departing.

5. Plaintiff is informed and believes and thereon alleges that SOUTHWEST AIRLINES informed IRAM of Plaintiff's need for a wheelchair at Sky Harbor Airport for the purpose of transporting EISON to his connecting gate. At all times herein mentioned, IRAM, together with SOUTHWEST AIRLINES, were charged with the responsibility of transporting EISON at Sky Harbor Airport by wheelchair from his arriving gate to his connecting gate.

6. On or about May 11, 2007, and at all times herein mentioned, Defendants SOUTHWEST AIRLINES, IRAM, and DOES 1 to 15, and each of them, placed EISON, immediately after he had disembarked from a SOUTHWEST AIRLINES airplane, onto a luggage cart, which was neither intended, designed, nor appropriate for human transport, and thereafter

transported EISON throughout the airport to his designated departure gate.

### FIRST CAUSE OF ACTION

(Intentional Infliction of Emotional Distress)

7. Plaintiff incorporates by reference the allegation contained in Paragraphs 1 through 6, and each and every part thereof with the same force and effect as though set out at length herein.

8. Because EISON was a passenger on SOUTHWEST AIRLINES, SOUTHWEST AIRLINES, IRAM, DOES 1 to 15, and each of them undertook to assist EISON in alighting from the SOUTHWEST AIRLINES airplane and transporting EISON to his departing gate, and in so doing, failed to exercise due care.

9. Further, Defendants and each of them failed to give special assistance to EISON, who was in need of assistance because of his condition, where this need was known or apparent to Defendants and each of them.

10. At all times mentioned herein, Defendants and each of them breached their duties EISON. These breaches were intentional and in reckless disregard for the probability that severe injury would result from their failure to carefully adhere to heir duties. Defendants knew or should have known that there was a probability that injury would result form the failure to adhere to their duties to EISON.

11. The conduct of Defendants SOUTHWEST AIRLINES, IRAM and DOES 1 through 15, and each of them, was outrageous and beyond the bounds of decency such that no reasonable person could be exceed to endure it. Defendants and each of them knew that the safety and dignity of EISON was at risk whenever they failed to meet such duties. EISON was forced to endure great pain, mental anguish, shock, humiliation, feelings of

helplessness and desperation. Despite EISON's continuing complaints and pitiable crying, Defendants and each of them continued to transport EISON throughout the Sky Harbor Airport to his designated departure gate, where he was painfully subjected to people pointing and laughing at him, as well as to ridicule by SOUTHWEST and IRAM personnel and airport patrons as they observed EISON's transported by luggage cart.

12. As a direct and proximate result of the intentional, malicious, harmful, unlawful, and offensive acts of Defendants, as aforesaid, EISON sustained severe and serious injury to his person, including but not limited to, severe emotional distress, all to Plaintiff's damage in a sum within the jurisdiction of this Court, according to proof.

## SECOND CAUSE OF ACTION

(Negligence Per Se)

13. Plaintiff incorporates by reference the allegation contained in Paragraphs 1 through 6, and each and every part thereof with the same force and effect as though set out at length herein.

14. Because EISON was a passenger on SOUTHWEST AIRLINES, SOUTHWEST AIRLINES, IRAM, DOES 1 to 15, and each of them had a duty under federal and State regulations (which were designed for the protection and benefit of passengers like EISON) to use the utmost care and diligence for the safety of its passengers. Defendants and each of them undertook to assist EISON in alighting from the SOUTHWEST AIRLINES airplane and transporting EISON to his departing gate, and in so doing, failed to exercise due care.

15. Further, Defendants and each of them failed to give special assistance to EISON, who was in need of assistance because of his condition, where this need was known or apparent to Defendants and each of them.

4

16. At all times mentioned herein, Defendants and each of them breached their duties EISON. These breaches were intentional and in reckless disregard for the probability that severe injury would result from their failure to carefully adhere to heir duties. Defendants knew or should have known that there was a probability that injury would result form the failure to adhere to their duties to EISON.

17. The conduct of Defendants SOUTHWEST AIRLINES, IRAM and DOES 1 through 15, and each of them, was outrageous and beyond the bounds of decency such that no reasonable person could be exceed to endure it. Defendants and each of them knew of the need for Federal and State regulations and laws, and knew that the safety and dignity of EISON was at risk whenever they failed to meet such duties. EISON was forced to endure great pain, mental anguish, shock, humiliation, feelings of helplessness and desperation. Despite EISON's continuing complaints and pitiable crying, Defendants and each of them continued to transport EISON throughout the Sky Harbor Airport to his designated departure gate, where he was painfully subjected to people pointing and laughing at him, as well as to ridicule by SOUTHWEST and IRAM personnel and airport patrons as they observed EISON's transported by luggage cart.

18. As a direct and proximate result of the intentional, malicious, harmful, unlawful, and offensive acts of Defendants, as aforesaid, EISON sustained severe and serious injury to his person, including but not limited to, severe emotional distress, all to Plaintiff's damage in a sum within the jurisdiction of this Court, according to proof.

## THIRD CAUSE OF ACTION

(Negligence)

19. Plaintiff incorporates by reference the allegation contained in Paragraphs 1 through 6, and each and every part thereof with the same force and effect as though set out at length herein.

20. At all times herein mentioned Defendants SOUTHWEST AIRLINES, IRAM, and DOES 1 to 15, and each of them, through their agents and employees, undertook to assist EISON in alighting from the SOUTHWEST AIRLINES airplane and transporting EISON to his departing gate at Sky Harbor Airport, and in so doing, carelessly, recklessly, and negligently transported EISON to his departing gate at Sky Harbor Airport, causing the resulting injuries and damages to EISON as set forth herein, which injuries and damages would not have occurred if said Defendants had exercised ordinary care in transporting EISON to his departing gate.

21. Defendants knew, or in the exercise of ordinary care should have know, that transporting ESON through the airport to his departing gate on a luggage cart was unsafe and inappropriate and likely to lead to the physical and emotional personal injuries to Plaintiff, but Defendants and each of them nonetheless acted to the detriment of Plaintiff.

22. As a proximate result of the negligence, recklessness, and carelessness, of Defendants and each them, EISON was forced to endure great physical pain, mental anguish, shock, humiliation, feelings of helplessness and desperation. Despite EISON's continuing complaints and pitiable crying, Defendants and each of them continued to transport EISON throughout the Sky Harbor Airport to his designated departure gate, where he was painfully subjected to people pointing and laughing at him, as well as to ridicule by SOUTHWEST and IRAM personnel and airport patrons as they observed EISON's

6

transported by luggage cart.

23. As a direct and proximate result of the intentional, malicious, harmful, unlawful, and offensive acts of Defendants, as aforesaid, EISON sustained severe and serious injury to his person, including but not limited to, severe emotional distress, all to Plaintiff's damage in a sum within the jurisdiction of this Court, according to proof.

WHEREFORE, Plaintiff DERRICK EISON prays for Judgment against Defendants, and each of them, as follows:

### FIRST CAUSE OF ACTION

1. For general damages according to proof;
2. For medical and related expenses according to proof
3. For loss of earning according to proof;
4. For punitive damages in an amount to be shown according to proof;
5. For costs of suit herein incurred; and
6. For such other and further relief as the Court may deem proper.

### SECOND CAUSE OF ACTION

1. For general damages according to proof;
2. For medical and related expenses according to proof
3. For loss of earning according to proof;
4. For punitive damages in an amount to be shown according to proof;

7

5. For costs of suit herein incurred; and

6. For such other and further relief as the Court may deem proper.

### THIRD CAUSE OF ACTION

1. For general damages according to proof;

2. For medical and related expenses according to proof

3. For loss of earning according to proof;

4. For punitive damages in an amount to be shown according to proof;

5. For costs of suit herein incurred; and

6. For such other and further relief as the Court may deem proper.

Dated: April 21, 2008

*(signature)*
DAVID I. FISCHER,
Attorney for Plaintiff DERRICK EISON

8

# Exhibit B

Notice of Removal

ENDORSED
FILED
ALAMEDA COUNTY

MAY 28 2008

CLERK OF THE SUPERIOR COURT
By MARGARET J. DOWNIE
Deputy

Randolph S. Hicks, Esq. - SBN 83627
Richard G. Grotch, Esq. - SBN 127713
**CODDINGTON, HICKS & DANFORTH**
A Professional Corporation, Lawyers
555 Twin Dolphin Drive, Suite 300
Redwood City, California 94065-2133
Tel. (650) 592-5400
Fax. (650) 592-5027
Email: rgrotch@chdlawyers.com

**ATTORNEYS FOR** Defendants
INTERNATIONAL RAM ASSOCIATES, LC and
SOUTHWEST AIRLINES CO.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ALAMEDA

| | |
|---|---|
| DERRICK EISON, | Case No. RG 08-383425 |
| Plaintiff, | ANSWER TO UNVERIFIED COMPLAINT FOR DAMAGES |
| vs. | |
| INTERNATIONAL RAM ASSOCIATES, L.L.C.; SOUTHWEST AIRLINES CO.; AND DOES 1 through 15, Inclusive, | **BY FAX** |
| Defendants. | |

COME NOW defendants International RAM Associates, LC and Southwest Airlines Co. and in response to the unverified complaint of plaintiff on file herein, herewith deny each and every, all and singular, the allegations therein contained, and in this connection, defendants deny that plaintiff has been injured or damaged in any of the sums mentioned in the complaint, or in any sum whatsoever or at all, as a result of any act or omission of these answering defendants.

AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, these answering defendants allege that said complaint, and each cause of action thereof, fails to state facts sufficient to constitute a cause of action against these defendants.

///
///
///

Answer to Unverified Complaint for Damages
RG 08-383425

AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, these answering defendants allege that plaintiff was himself careless and negligent in and about the matters alleged in the complaint; that said carelessness and negligence on said plaintiff's own part proximately contributed to the happening of the incident and to the injuries, loss and damage complained of, if any there were; that should plaintiff recover damages, defendants are entitled to have the amount thereof abated, reduced or eliminated to the extent that plaintiff's negligence caused or contributed to his injuries, if any.

AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, these answering defendants allege that plaintiff acted with full knowledge of all the facts and circumstances surrounding his injury and assumed the risk of the matters causing his injury, and that said matters of which plaintiff assumed the risk proximately contributed to the happening of the incident at bar and proximately caused his injury, if any.

AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, these answering defendants allege that named and/or unnamed third parties were careless and negligent in and about the matters alleged in the complaint; that said carelessness and negligence of said named and/or unnamed third parties proximately contributed to the happening of the incident and to the injuries, loss and damage complained of by plaintiff, if any there were; that should plaintiff recover damages, these answering defendants are entitled to have the amount thereof abated, reduced or eliminated to the extent that said named and/or unnamed third parties' negligence caused or contributed to plaintiff's injuries, if any.

AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, these answering defendants allege that plaintiff failed subsequent to the occurrence described in the complaint properly to mitigate his damages and thereby is precluded from recovering those damages which could have reasonably been avoided by the exercise of due care on the part of plaintiff.

///
///

AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, these answering defendants allege that plaintiff's complaint, and each cause of action thereof, is preempted by federal law, including, but not limited to, the provisions of the Airline Deregulation Act of 1978, 49 U.S.C. § 1305(a)(1), superseded by the Federal Airline Administration Authorization Act of 1994, 49 U.S.C. § 41713, *et seq.*

AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, these answering defendants allege that plaintiff's rights and remedies, if any, may be limited to those administrative rights and remedies, if any, as are afforded under the Air Carrier Access Act of 1986, 49 U.S.C. § 41705, and the regulations promulgated pursuant thereto.

AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, these answering defendants allege that plaintiff's claims may be subject to all the terms and conditions of the contract of carriage between plaintiff and Southwest Airlines Co., and by all applicable contracts, agreements, tariffs and conditions of carriage, and defendants may therefore claim exemption from, and limitation of, liability and damages in accordance with the terms and conditions of said tariffs, tickets, conditions of carriage, contractual agreements, and the like.

AS AN NINTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, these answering defendants allege that plaintiff may lack standing to sue in that there may be no private right of action for the acts and omissions about which he complains.

AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, these answering defendants allege that said complaint, and each cause of action thereof, fails to state facts sufficient to constitute a cause of action for punitive or exemplary damages.

AS AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, these answering defendants allege that to permit recovery in respect of the matters herein alleged would violate the provisions of California Const. Art. I, §§ 1, 7, 9, 15 and 16.

AS A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, these answering defendants allege that to permit recovery in respect of the matters herein alleged would violate the provisions of United States Const. Art. I, § 10.

AS A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, these answering defendants allege that to permit recovery in respect of the matters herein alleged would violate the provisions of United States Const., Amend. V, VII, VIII and XIV.

WHEREFORE, defendants pray that plaintiff take nothing against said defendants by his said complaint; that defendants have judgment for their costs of suit herein incurred, together with such other and further relief as may be just and proper.

Dated: May 28, 2008

CODDINGTON, HICKS & DANFORTH

By: *Richard G. Grotch* (signature)
Richard G. Grotch
Attorneys for Defendants
International RAM Associates, L.C. and
Southwest Airlines Co.

---

CODDINGTON, HICKS & DANFORTH

Answer to Unverified Complaint for Damages
RG 08-383425

4

## PROOF OF SERVICE
(C.C.P. §§ 1011, 1013, 1013a, 2015.5)

I, the undersigned, declare that I am employed in the County of San Mateo, State of California. I am over the age of eighteen (18) years and not a party to the within action. My business address is 555 Twin Dolphin Drive, Suite 300, Redwood City, California 94065.

I am readily familiar with my employer's business practice for collection and processing of correspondence and documents for mailing with the United States Postal Service, mailing via overnight delivery, transmission by facsimile machine, and delivery by hand.

On May 28, 2008, I served a copy of each of the documents listed below by placing said copies for processing as indicated herein.

**ANSWER TO UNVERIFIED COMPLAINT FOR DAMAGES**

X__ U.S. MAIL: The correspondence or documents were placed in sealed, labeled envelopes with postage thereon fully prepaid on the above date placed for collection and mailing at my place of business to be deposited with the U.S. Postal Service at Redwood City, California on this same date in the ordinary course of business.

___ OVERNIGHT DELIVERY: The correspondence or documents were placed in sealed, labeled packaging for overnight delivery with all charges to be paid by my employer on the above date for collection and mailing at my place of business to be deposited in a facility regularly maintained by the overnight delivery carrier, or delivered to a courier or driver authorized by the overnight delivery carrier to receive such packages, on this date in the ordinary course of business.

___ HAND DELIVERY: The correspondence or documents were placed in sealed, labeled envelopes and served by personal delivery to the party or attorney indicated herein, or if upon attorney, by leaving the labeled envelopes with a receptionist or other person having charge of the attorney's office.

___ FACSIMILE TRANSMISSION: The correspondence or documents were placed for transmission from (650) 592-5027 at Redwood City, California, and were transmitted to a facsimile machine maintained by the party or attorney to be served at the facsimile machine telephone number provided by said party or attorney, on this same date in the ordinary course of business. The transmission was reported as complete and without error, and a record of the transmission was properly issued by the transmitting facsimile machine.

PERSONS OR PARTIES SERVED:

*Counsel for Plaintiff*

David I. Fischer, Esq.
**LAW OFFICES OF DAVID I. FISCHER**
One Kaiser Plaza, Suite 330
Oakland, Ca 94612

Telephone    (510) 834-0800
Facsimile    (510) 834-0872

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on May 28, 2008.

*Hilda Alvarez*
Hilda Alvarez

Court: Alameda County Superior Court
Action No: RG08-383425
Case Name: Eison v. International Ram Associates, et al.